Maria Mollica v. Commissioner.
Mollica v. Commissioner
Docket No. 32969.
United States Tax Court
1951 Tax Ct. Memo LEXIS 24; 10 T.C.M. (CCH) 1154; T.C.M. (RIA) 51356; December 10, 1951
*24 Where a grandmother furnished more than 50 per cent of the support of four minor grandchildren she is entitled to statutory exemption on account of the four grandchildren. Herman E. Botwinik, Esq., 3510 Bergenline Ave., Union City, N.J., for the petitioner. Stanley W. Herzfeld, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: Respondent determined a deficiency of $586.19 in petitioner's income tax for the 0ear 1948. This action was predicated on the disallowance of taxpayer's claim for five exemptions for dependents, i.e., her daughter-in-law, Adrianne, and four minor grandchildren. The reason assigned by respondent was that "no reply was made to request for substantiation." Petitioner filed her return for 1948 in Newark, New Jersey. In her return taxpayer claimed the five dependency exemptions here in controversy. An income of $5,400 was reported by petitioner. [The Facts] From January 1, 1948, to April 2, 1948, petitioner's son, the husband of Adrianne, supported his wife and four children out of his earnings of $65 per week. They had an apartment at 1620 Park Avenue, West New York, New Jersey. On April 2nd petitioner's *25 son abandoned his family and left home. After such abandonment the daughter-in-law, Adrianne, and her children continued to live at the above address until late in July or early in August, 1948, when Adrianne and the four children moved to petitioner's home at 426 - 62nd Street, West New York, New Jersey. After petitioner's son left, and until they moved in with petitioner, Adrianne and her four children received some support from the local Welfare Department, payments being made during May, June, July and August in the aggregate amount of $284.90. Other contributions were made by petitioner and by Adrianne's sisters in small amounts. During all of this time the wife and children lived at 1620 Park Avenue, West New York, New Jersey. Late in July, or early in August, they moved in with petitioner at 426 - 62nd Street in the same city. In August Adrianne went to Nebraska where she had located her husband and remained three weeks, during two weeks of which time she worked as a waitress, her earnings of $18 per week being spent for her own maintenance. She and her husband returned to the home of petitioner during August. The husband left home again the next day and returned to Nebraska, *26 where he "got into trouble with the law" and was incarcerated. In October his wife went to Nebraska to endeavor to get him to return home. She was unsuccessful in having him released from jail. During this period petitioner sent to Adrianne $250 with which to hire a lawyer. She also sent her smaller amounts. Adrianne remained in Nebraska until the end of the year, again working as a waitress, her earnings being spent for her own maintenance. Her husband remained in jail throughout the remainder of 1948. At various times throughout 1948 petitioner sent Adrianne small amounts of cash and bought some articles of clothing and other items for the children. The record does not show the cost of supporting the children during the period July to December, 1948, but the fact is not fatal since no question seems to be raised as to the fact that petitioner furnished their sole support for this period. [Opinion] Albeit the record is full of inconsistencies and conflicis, it is clear that petitioner did not furnish Adrianne with more than half of her support for the year 1948 and taxpayer was, therefore, not entitled to claim an exemption on her account. The question of the support of *27 the grandchildren is more difficult. The record lacks continuity and consistency but certain things stand out. It is clear that until April the children were supported by their father. In the interval, between April 2nd and July, the family received some allowances from the local Welfare bodies. During this period minor support was furnished by Adrianne's sisters, and some support was furnished by petitioner, the exact amount of which is not proven. After late July or early August petitioner was the sole support of the children and furnished both a home and maintenance. The record defies any attempt to ascertain the exact money value of the various contributions, but we are satisfied that when the value of the occasional contributions by petitioner during the April to July period is added to the value of the sole support furnished by her from July through December, the aggregate amount spent by petitioner during the year considerably outweighs the total of all other contributions and qualifies petitioner to claim dependency exemptions for the four children. We so hold. Decision will be entered under Rule 50.